## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**BRENDA O. LEE,**

**Plaintiff,**

**vs.**                                                    **CASE NO. 1:06CV204-MP/AK**

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security**

**Defendant.**

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act

(Act) for review of a final determination of the Commissioner of Social Security

(Commissioner) denying Plaintiff's application for supplemental security income benefits

(SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and

determinations of the Commissioner are supported by substantial evidence; thus, the

decision of the Commissioner should be affirmed.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social
Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J.
Astrue should be substituted, therefore, as the Defendant in this suit.  No further action
need be taken to continue this suit by reason of the last sentence of section 205(g) of
the Social Security Act, 42 U.S.C. §405(g).

## A.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI on October 2, 2001, alleging a disability onset date of January 1, 1999, because of back pain, muscle spasms, depression and anxiety.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on February 4, 2004, and entered an unfavorable decision on April 13, 2004.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

## B.    FINDINGS OF THE ALJ

The ALJ found that Plaintiff had low back pain, which was severe within the meaning of the Act, but did not meet the requirements of the listings, and that her other impairments, anxiety and alcohol abuse, were not severe.  (R. 17).  He found that her lack of treatment, the lack of pain medication, the fact that she worked after the injury she alleges caused her condition, the fact that she was not hospitalized following this accident, had never been told she was disabled as a result of this accident by any treating source, and had daily activities inconsistent with total disability, supported his finding that she was not disabled.  (R. 18).  The ALJ found her capable of a restricted range of light work, limited to a sit/stand option, and only occasional climbing, stooping, kneeling, crouching and crawling.  (R. 19).  These restrictions precluded her from performing her past relevant work, but a vocational expert called to testify at the hearing stated that there were a number of jobs which she could perform such as office helper, ticket seller, and sorter of agricultural produce.  (R. 21).

**No. 1:06CV204-MMP/AK**

C.   **ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in rejecting Plaintiff's allegations of pain without an evidentiary basis for his decision.

The government responds that the ALJ had objective clinical tests to support his finding, e.g. a normal MRI in 2002, as well as the fact that Plaintiff sought no regular treatment since 2002 and took no pain medication.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

D.   **STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86

No. 1:06CV204-MMP/AK

F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence

supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624

(11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to

the Commissioner's findings, where there is substantially supportive evidence of the

Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d

227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the

Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v.

Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's

failure to apply correct legal standards or to provide the reviewing court with an

adequate basis for it to determine whether proper legal principles have been observed

requires reversal.  Id. (citations omitted).

     A disability is defined as an "inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a

continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To

qualify as a disability the physical or mental impairment must be so severe that claimant

is not only unable to do his previous work, "but cannot, considering his age, education,

and work experience, engage in any other kind of substantial gainful work which exists

in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

     Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in

five steps:

**No. 1:06CV204-MMP/AK**

1.    Is the individual currently engaged in substantial gainful activity?

2.    Does the individual have any severe impairment?

3.    Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4.    Does the individual have any impairments which prevent past relevant work?

5.    Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

**No. 1:06CV204-MMP/AK**

**E.      SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

There are no records of treatment following the car accident in 1995, and Plaintiff has apparently never been hospitalized or treated consistently for the back condition she alleges is the primary cause of her disability.  Plaintiff was first treated for back pain at a local health department in 2001, citing the 1995 car accident as the source of her condition.  She has sought periodic emergency room treatment, which involved pain injections and medication for inflammation and spasm.

Several consultative examinations were obtained.  Dr. Greenberg examined her on September 20, 2002, and noted her severe limp and lower back pain, which he opined was "probably secondary to lumbar disc disease." (R. 213-216).  However, an MRI taken in July 2002 was normal.  (R. 202).  A Residual Functional Capacity Assessment done by Dr. Greenberg in 2004 is based on this examination two years earlier, and he finds her with marked pain and less than sedentary limitations on lifting. (R. 259-268).

Several mental evaluations were done.  Dr. Nazario examined her in 2001 and 2002 and attributed her depression to her back condition.  (R. 169-172, 217-220).  Dr. Beaty, a psychologist, and Dr. Diaz, a psychiatrist, examined her as well and found that her medical condition was the primary cause of her mental issues.  (R. 1960198; 199-201).

As the ALJ noted, Plaintiff has had no diagnoses of her back condition and the only objective test in the record is normal.

**No. 1:06CV204-MMP/AK**

F.      **SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff was 44 at the time of the hearing with a high school education.  (R. 280).

She worked at Shoneys about 3 years, and as a maid for a short time in 1999 (3

months).  (R. 283).  She attributes her back condition to an accident in 1995, which did

not require hospitalization, which involved no other vehicle but hers, and which did not

culminate in a lawsuit, but she did get a DUI.  (R.286, 295).  The pain is a burning

sensation in her lower back, left buttocks, and radiates down her leg.  (R. 289).  She

uses a cane to walk, but no doctor prescribed it for her.  (R. 295).  She also has a

tension headache about 3 times a month for 5 to 10 minutes.  (R. 291).  Although her

pain is at a level 10 (the highest level on the scale), she takes no medication because

she lost her medical benefits.  (R. 292).  Even when she took medication, it did not help.

(R. 292).  She does not even take over the counter medication, except Tylenol PM to

sleep, because she does not think it will help.  (R. 298).  She lost her benefits in June

because the program she was participating in required her to look for a job, and when

she did not do this she was sanctioned for six months.  (R. 296, 298).  She plans to

reapply so she can get help from a doctor to see what is wrong with her, and the ALJ

points out that it is February, the six months should be up, to which she replies, "Okay."

(R. 298).  She said she had not sought medical treatment because she lost her medical

benefits, but the ALJ noted that she only lost her benefits in June and sought no

medical treatment before then during the time she allegedly had medical benefits.  (R.

301).  She said she went to the Eastside Clinic then, whenever they told her to come,

**No. 1:06CV204-MMP/AK**

and her attorney asked that the record be kept open for 20 days to obtain these records. (R. 302). [No records were submitted after the hearing].

A vocational expert testified at the hearing to a hypothetical of light and sedentary exertional levels and he identified a number of jobs at both levels that she could perform.

**G.    DISCUSSION**

If the ALJ rejects a claimant's allegations of pain, he must articulate explicit and adequate reasons, and these reasons must be based on substantial evidence.  Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).   The ALJ here articulated a number of reasons supported by the record for his finding.  A clearly articulated credibility finding with substantial supporting evidence in the record should not be disturbed by a reviewing court.  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986); Sellers v. Barnhart, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).  As a reading of the hearing will reflect, Plaintiff has not sought treatment for her back condition consistently, even when she had medical benefits, and takes no medication for allegedly the most severe pain possible, not even over the counter ibuprofen.  She attributes her disability to a car accident in 1995 for which she sought no treatment, and she worked after the accident.  An MRI in 2002 showed a normal back.  If there is something else wrong with Plaintiff causing her such severe pain and preventing her from normal daily activities, she exhibits little motivation to

**No. 1:06CV204-MMP/AK**

discover what it is and obtain some relief.  These factors weigh heavily against her

allegations, and the ALJ is fully supported in his decision that she is not disabled.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this _**1st**_ day of April, 2008.


_**s/ A. KORNBLUM**_
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV204-MMP/AK**