IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRENDA LEE,

    Claimant,

v.                                             CASE NO. 1:06-cv-00204-MP-AK

MICHAEL J ASTRUE,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 15, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be affirmed. The Claimant filed objections, doc. 17, which the Court has reviewed. For the reasons given below the Report and Recommendation is adopted.

The ALJ found that Plaintiff had low back pain, which was severe within the meaning of the Act, but did not meet the requirements of the listings, and that her other impairments, anxiety and alcohol abuse, were not severe. (R. 17). He found that her lack of treatment, the lack of pain medication, the fact that she worked after the injury she alleges caused her condition, the fact that she was not hospitalized following this accident, had never been told she was disabled as a result of this accident by any treating source, and had daily activities inconsistent with total disability, supported his finding that she was not disabled. (R. 18). The ALJ found her capable of a restricted range of light work, limited to a sit/stand option, and only occasional climbing, stooping, kneeling, crouching and crawling. (R. 19). These restrictions precluded her from performing her past relevant work, but a vocational expert called to testify at the hearing stated

that there were a number of jobs which she could perform such as office helper, ticket seller, and sorter of agricultural produce. (R. 21).  Plaintiff argues that the ALJ erred in rejecting Plaintiff's allegations of pain without an evidentiary basis for his decision.

The Magistrate Judge recommends that the ALJ was correct and concludes in the Report and Recommendation,

> As a reading of the hearing will reflect, Plaintiff has not sought treatment for her back condition consistently, even when she had medical benefits, and takes no medication for allegedly the most severe pain possible, not even over the counter ibuprofen. She attributes her disability to a car accident in 1995 for which she sought no treatment, and she worked after the accident. An MRI in 2002 showed a normal back. If there is something else wrong with Plaintiff causing her such severe pain and preventing her from normal daily activities, she exhibits little motivation to discover what it is and obtain some relief. These factors weigh heavily against her allegations, and the ALJ is fully supported in his decision that she is not disabled.

In her objections, the Plaintiff attempts to rebut the above conclusion by listing various treatments and medications taken by Plaintiff over the years.  However, they do not rebut the conclusion that Plaintiff never sought treatment at the time of the accident, and did not seek treatment "consistently," especially over the last few years.   Thus, the Court agrees with the Magistrate Judge that the ALJ articulated a number of reasons supported by the record for her rejection of claimant's allegations of pain.  Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). A clearly articulated credibility finding with substantial supporting evidence in the record should not be disturbed by a reviewing court. Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir.

1995); MacGregor v. Bowen, 786 F.2d 1050, 1054 (11th Cir. 1986); Sellers v. Barnhart, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).  Accordingly, it is hereby

    **ORDERED AND ADJUDGED:**

    1.    The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

    2.    The decision of the Commissioner, denying benefits, is affirmed.

    **DONE AND ORDERED** this *11th* day of September, 2008

        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge